```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
DONTE BELL,                                            :
                                                       :
                              Plaintiff,               :    15-CV-0963 (JPO)
                      -v-                              :
                                                       :    OPINION AND ORDER
McROBERTS PROTECTIVE AGENCY,                           :
                                                       :
                              Defendant.               :
-------------------------------------------------------X
```

J. PAUL OETKEN, District Judge:

In this *pro se* action, Plaintiff Donte Bell alleges that his former employer, Defendant McRoberts Protective Agency ("MPA"), discriminated and retaliated against him in violation of federal, state, and city law. MPA moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the motion to dismiss is granted and Bell is given leave to amend his Complaint.

I.  **Background**

Unless otherwise indicated, the following allegations are taken from the Complaint (Dkt. No. 2), the Opposition to the Motion to Dismiss (Dkt. No. 15), the Sur-Reply (Dkt. No. 19.), and the final report of the New York State Division of Human Rights ("SDHR") (Dkt. No. 13-3), which investigated Bell's discrimination charge against MPA. *Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. 2014) (per curium) ("[T]he Court is entitled to consider facts alleged in the complaint and documents attached to it or incorporated in it by reference, documents 'integral' to the complaint and relied upon in it, and facts of which judicial notice may properly by taken . . . ."); *Elliott v. Nestle Waters N. Am. Inc.*, No. 13-CV-6331, 2014 WL 1795297, at *7 (S.D.N.Y. May 6, 2014) (Abrams, J.) (quoting *Rodriguez v. McGinnis*, 1 F. Supp. 2d 244, 246-47 (S.D.N.Y. 1998) ("[T]he policy reasons favoring liberal construction of *pro se*

complaints permit a court to consider allegations of a *pro se* plaintiff in opposition papers on a motion where . . . those allegations are consistent with the complaint.")); *James v. Countrywide Fin. Corp.*, 849 F. Supp. 2d 296, 306 & n.1 (E.D.N.Y. 2012) (taking judicial notice of an SDHR report). For the purposes of this motion, all of Bell's allegations are assumed to be true.

MPA is private security company. (Dkt. No. 15 at 25.) Bell began to work as a "fire guard" at MPA on August 14, 2013. (*Id.* at 24, 26.) On February 15, 2014, Bell's co-worker "hit [him] on the hand with a radio, the antenna coming into contact with [his] finger." (Dkt. No. 13-3 at 2; *see also* Dkt. No. 15 at 20.) Bell complained about this incident to his supervisor and requested a "work injury form." (Dkt. No. 19 at 9.) His supervisor did not bring him the form and did not sanction the co-worker.

At an unspecified later date during his employment, Bell saw another co-worker, Jonathan DeMaio, asleep at work. (Dkt. No. 13-3 at 2; Dkt. No. 15 at 15, 26.) Bell reported DeMaio to his supervisor. (Dkt. No. 13-3 at 2; Dkt. No. 15 at 15.) In response, DeMaio called Bell a "clown," a "coward," and "racist names." (Dkt. No. 15 at 15; Dkt. No. 19 at 2.) Bell told his supervisor about DeMaio's insults, but "she did nothing." (Dkt. No. 19 at 2.)

At various points in his pleadings, Bell also alleges that he was routinely "relieved late" by co-workers and that he "was subject to conditions of work that other security guards . . . [were not]," such as work assignments that required him "to go out[side] in all weather conditions." (Dkt. No. 15 at 19; Dkt. No. 19 at 2.) Bell does not state when he began to receive outdoor work assignments or how long they continued. According to the record in the underlying state administrative proceeding, Bell left his position at MPA on March 24, 2014. (Dkt. No. 13-3 at 3.) MPA describes Bell's departure as a voluntary resignation. (Dkt. No. 15 at 27.) Bell does not state when or why he left his job.

Bell filed a discrimination charge against MPA with the SDHR on April 17, 2014. (Dkt. No. 13-3 at 2.) On October 15, 2014, the SDHR concluded that "the record [did] not support a determination of probable cause" and dismissed Bell's charge. (*Id.* at 3.) On November 24, 2014, the Equal Employment Opportunity Commission ("EEOC") adopted the findings of the SDHR. (Dkt. No. 13-1 at 9.) Bell filed suit in this Court on February 9, 2015.

## II. Legal Standard

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). In determining whether this standard is satisfied, courts assume that all "factual allegations contained in the complaint" are true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007), and "draw all inferences in the light most favorable to the non-moving party[]," *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (citation omitted). A complaint "filed *pro se* is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III. Discussion

Bell appears to asserts claims of race and sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), New York State Human Rights Law, N.Y. Exec. Law § 296 *et seq.* (the "NYSHRL"), and New York City Human Rights Law,

N.Y.C. Admin. Code § 8-107, *et seq.* (the "NYCHRL"). Specifically, he appears to assert discrimination, retaliation, and hostile work environment claims under Title VII and analogous provisions of state and city law.

### A. Title VII Claims

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII also contains an anti-retaliation provision, which prohibits employers from discriminating against any individual because of his opposition to an unlawful employment practice. *Id.* at § 2000e-3(a).

To state a claim for discrimination under Title VII, "a plaintiff must plausibly allege that (1) the employer took adverse action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015). "'[A]t the initial stage of the litigation' in a Title VII case, 'the plaintiff does not need substantial evidence of discriminatory intent.'" *Johnson v. Andy Frain Servs., Inc.*, No. 15-1143, — F. App'x —, 2016 WL 210098, at *1 (2d Cir. Jan. 19, 2016) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)). "Rather, what must be plausibly supported by the facts alleged in the complaint is that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Id.* (citations and internal quotation marks omitted).

Title VII retaliation claims are governed by a slightly different standard. A *prima facie* case of retaliation under Title VII requires evidence showing: "(1) participation in a protected

activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Littlejohn*, 795 F.3d at 316 (quoting *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010)). A plaintiff need not plead facts sufficient to establish such a *prima facie* case in order to survive a motion to dismiss. *Krasner v. HSH Nordbank AG*, 680 F. Supp. 2d 502, 512 (S.D.N.Y. 2010) (Lynch, J.). But the complaint must contain factual allegations that provide "plausible support" for a *prima facie* case of retaliation, *Littlejohn*, 795 F.3d at 316, and thus, "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Finally, under the hostile work environment doctrine, "even if an employee does not experience a specific negative action, he may have a viable claim under Title VII . . . where the harassment is so pervasive that it changes the conditions of employment." *Krasner*, 680 F. Supp. 2d at 512 (citation and internal quotation marks omitted). To state a hostile work environment claim, "a plaintiff must plead facts that would tend to show the complained of conduct: (1) is objectively severe or pervasive—that is, creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's [protected characteristic]." *Id.* at 512-13.

Bell has not stated a Title VII claim. With respect to discrimination, Bell has plausibly alleged that he is a member of a protected class and that he was qualified for the fire guard position, but he has not identified any adverse employment action. While Bell describes inequitable assignment of outdoor tasks, it is not clear that such assignments constitute "adverse employment action." *See Hicks*, 593 F.3d at 165 (noting that adverse employment action must be "materially adverse" and meets this test only if the action is "harmful to the point that [it]

5

could well dissuade a reasonable worker from making or supporting a charge of discrimination"); *Bowen-Hooks v. City of New York*, 13 F. Supp. 3d 179, 211 (E.D.N.Y. 2014) ("Examples of materially adverse employment actions include termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, [and] significantly diminished material responsibilities . . . ." (citation omitted)); *see also White v. Andy Frain Servs., Inc.*, 629 F. App'x 131, 133 (2d Cir. 2015) (holding that being "paid late, denied certain vacation requests, and forced to work overtime when [a] replacement did not show up" does not rise to the level of adverse employment action).

Moreover, even if Bell had alleged adverse employment action, he has not provided any factual "support for the proposition that his employer was motivated by discriminatory intent." *Johnson*, 2016 WL 210098, at *1. Bell's pleadings do not describe who assigned him the outdoor tasks, when those assignments began, why he believes he received the assignments, or whether he received tasks that employees of different races and genders did not. Without some factual assertion to support the inference that Bell's supervisors gave him inferior tasks on the basis of a protected characteristic, Bell's claim cannot proceed.

Bell's second claim fails for largely the same reasons. The sum and substance of Bell's retaliation claim is that he reported a racial slur to his supervisor, who did nothing. Bell does not identify any adverse action taken by MPA after he reported the slur. As described above, Bell does state that he received outdoor assignments that other employees did not. But his pleadings do not specify whether Bell received these assignments before or after he reported the slur. In the absence of some factual assertion to indicate adverse action taken by MPA after and because Bell reported racial slurs, Bell cannot sustain a retaliation claim. *See Henry v. NYC Health & Hosp. Corp.*, 18 F. Supp. 3d 396, 411 (S.D.N.Y. 2014) (dismissing a Title VII retaliation claim

where a plaintiff "fail[ed] to plausibly allege a causal connection between the protected activity and the purported discriminatory treatment").

Bell's hostile work environment claim is similarly sparse. Bell describes a workplace in which he had to stay on duty beyond the end of his shift, received outdoor assignments, and had at least two altercations with co-workers. But he has not alleged any facts linking these conditions to his race or his gender. Even assuming the treatment Bell received was sufficiently hostile and pervasive to render Bell's workplace objectively abusive, Bell has not presented any allegations to support the "causal factor requirement[]" of a hostile work environment claim. *Krasner*, 680 F. Supp. 2d at 513. Accordingly, his third Title VII claim must be dismissed.

### B.     State and City Law Claims

While Bell does not explicitly assert state and city law claims, his Complaint can be construed to contain discrimination and retaliation claims under the NYSHRL and the NYCHRL. "Claims brought under the NYSHRL are analyzed identically and the outcome of an employment discrimination claim made pursuant to the NYSHRL is the same as it is under . . . Title VII." *Hyek v. Field Support Servs., Inc.*, 461 F. App'x 59, 60 (2d Cir. 2012) (alteration in original) (citation and internal quotation marks omitted); *see Powell v. Delta Airlines*, No. 15-CV-2554, 2015 WL 6867185, at *8 (E.D.N.Y. Nov. 6, 2015) (citing *Vargas v. Morgan Stanley*, 438 F. App'x 7, 9 (2d Cir. 2011)). For the reasons stated above, Bell has not adequately pleaded a Title VII claim. To the extent that he asserts them, his NYSHRL claims are thus dismissed as well.

Unlike state law claims, NYCHRL claims must be assessed "separately and independently from any federal and state law claims." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). In general, "[t]o prevail on a retaliation claim under

the NYCHRL, a plaintiff must show (1) 'that she took an action opposing her employer's discrimination' and (2) 'that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action.'" *E.E.O.C. v. Bloomberg L.P.*, 967 F. Supp. 2d 816, 838 (S.D.N.Y. 2013) (quoting *Mihalik*, 715 F.3d at 112). To succeed on a NYCHRL discrimination claim, a "plaintiff need only show differential treatment—that she is treated 'less well'—because of a discriminatory intent." *Mihalik*, 715 F.3d at 109. (citation omitted); *see also Gorokhovsky v. New York City Hous. Auth.*, 552 F. App'x 100, 102 (2d Cir. 2014); *Joseph v. Owens & Minor Distrib., Inc.*, 5 F. Supp. 3d 295, 320-21 (E.D.N.Y. 2014). Plaintiffs asserting NYCHRL discrimination claims need not demonstrate that the challenged conduct is "tangible (like hiring or firing)," and in such cases, the severity of the alleged conduct is relevant to damages rather than liability. *Mihalik*, 715 F.3d at 110 (citation omitted). Nonetheless, "the NYCHRL is not a general civility code." *Id.* at 113. To survive dismissal, plaintiffs asserting discrimination under the NYCHRL must plead facts sufficient to support an inference that they have "been treated less well at least in part *because of*" a protected trait. *Id.* at 110 (citations and internal quotation marks omitted).

As noted above, Bell has not pleaded any facts that permit an inference that he was treated differently than other MPA employees because of his race or gender, nor has he identified any retaliatory conduct by an MPA supervisor after he reported his co-worker's insults. While both *pro se* pleadings and NYCHRL claims are subject to liberal standards, Bell's claims must be more than conclusory or speculative to survive a motion to dismiss. *See Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 250, 252-53 (E.D.N.Y. 2015) (dismissing NYCHRL discrimination and retaliation claims); *Morgan v. NYS Att'y Gen.'s Office*, No. 11-CV-9389, 2013 WL 491525, at *14 (S.D.N.Y. Feb. 8, 2013) (dismissing an NYCHRL retaliation claim).

Because Bell has not identified retaliatory conduct by his former employer or pleaded facts linking his treatment to a protected characteristic, his NYCHRL claims must be dismissed.

## IV.   Conclusion

For the foregoing reasons, MPA's motion to dismiss is GRANTED. Bell is given leave to amend his Complaint. If Bell wishes to file an Amended Complaint, he must do so on or before May 27, 2016.

The Clerk of Court is directed to close the motion at docket number 10.

SO ORDERED.

Dated: April 25, 2016
       New York, New York

*[signature]*
_____
J. PAUL OETKEN
United States District Judge

*COPY OF THIS ORDER, AN AMENDED COMPLAINT FORM, AND THE COURT'S INDIVIDUAL RULES OF PRACTICE IN PRO SE CASES MAILED TO PLAINTIFF BY CHAMBERS*