UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DONTE BELL,

        Plaintiff,

    -v-            15-CV-0963 (JPO)

McROBERTS PROTECTIVE AGENCY, INC.,  OPINION AND ORDER

        Defendant.
----------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

  Plaintiff Donte Bell filed this action *pro se* on February 9, 2015, alleging that his former employer, Defendant McRoberts Protective Agency, Inc. ("MPA"), discriminated and retaliated against him in violation of federal, state, and city law. This Court granted MPA's motion to dismiss Bell's first complaint and granted Bell leave to amend. (*See* Dkt. No. 20.) On May 27, 2016, Bell filed an amended complaint, which MPA now moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the motion to dismiss is granted.

**I.  Background**

  The following facts are, unless otherwise noted, taken from the Amended Complaint (Dkt. No. 22), the Opposition to the Motion to Dismiss (Dkt. No. 30), the "Explanation of CD & DVDS" (Dkt. No. 32), as well as the Final Investigation Report and Basis of Determination (Dkt. No. 25-4) and the Determination and Order After Investigation (Dkt. No. 25-5) of the New York State Division of Human Rights ("SDHR"), which investigated Bell's discrimination charge against MPA. *Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. 2014) (per curiam) ("[T]he Court is entitled to consider facts alleged in the complaint and documents attached to it or incorporated in it by reference, documents 'integral' to the complaint and relied upon in it, and facts of which judicial notice may properly by taken . . . ."); *see also Elliott v. Nestle Waters N.*

*Am. Inc.*, No. 13 Civ. 6331, 2014 WL 1795297, at *7 (S.D.N.Y. May 6, 2014) ("[T]he policy reasons favoring liberal construction of *pro se* complaints permit a court to consider allegations of a *pro se* plaintiff in opposition papers on a motion where . . . those allegations are consistent with the complaint.") (quoting *Rodriguez v. McGinnis*, 1 F. Supp. 2d 244, 246-47 (S.D.N.Y. 1998) (internal quotation marks omitted)); *James v. Countrywide Fin. Corp.*, 849 F. Supp. 2d 296, 306 & n.1 (E.D.N.Y. 2012) (taking judicial notice of an SDHR report). Bell's allegations, as set out in these documents, are presumed true for the purposes of this motion.

Bell began working as a fireguard at MPA, a private security company, on August 14, 2013, and MPA staffed him at New York University Langone Hospital (one of MPA's clients). (*Id.* at 27; Dkt. No. 25-5 at 2.) Bell alleges that, on February 15, 2014, a co-worker "struck [him] on the hand by a radio" (Dkt. No. 25-5 at 2) when the "antenna c[ame] into contact with [his] finger" (Dkt. No. 25-4 at 2). Bell complained about this incident to his supervisor and requested a "work injury form." (*Id.*) His supervisor never provided the form or took other corrective action (*id.*), even though the co-worker "admitted" to "touch[ing]" Bell (Dkt. No. 32 at 1). Bell suggests that he was never given a form at least in part because the supervisor to whom he reported the incident was a "friend" of the perpetrator. (*Id.*)

On a later date, Bell saw another fellow fireguard, Jonathan DeMaio, "sleeping on the ground floor" at work. (Dkt. No. 25-4 at 2; Dkt. No. 32 at 1.) Bell reported this to his supervisor. (Dkt. No. 25-4 at 2; Dkt. No. 32 at 1.) In response, DeMaio called Bell a "clown" and a "coward" and used racist slurs. (Dkt. No. 30 at 16; Dkt. No. 32 at 1.) Bell again told his supervisor about this incident, but no actions were taken. (Dkt No. 30 at 16, 20.)

Bell also alleges that he was "relieved late" and made to "stay late." (Dkt. No. 30 at 20.) And a supervisor once falsely claimed that Bell had "a gun in his pocket." (Dkt. No. 25-4 at 3;

Dkt. No. 30 at 20.)  Bell additionally alleges that his co-workers violated various policies and were not reprimanded.  (Dkt. No. 30 at 3.)

Bell left his position at MPA on March 24, 2014.  (Dkt. No. 25-4 at 3.)  (MPA suggests that Bell voluntarily resigned (*id.*), and Bell makes no allegations about the terms of his departure.)  He filed a discrimination charge against MPA with the SDHR on April 17, 2014.  (*Id.* at 2.)  On October 15, 2014, the SDHR concluded that "the record [did] not support a determination of probable cause" and dismissed Bell's charge.  (*Id.* at 5-6; Dkt. No. 25-5 at 3.)  On November 24, 2014, the Equal Employment Opportunity Commission ("EEOC") adopted the SDHR's findings.  (Dkt. No. 25-1 at 6.)  Bell then filed suit in this Court on February 9, 2015.  (*See* Dkt. No. 2.)

## II.  Legal Standard

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face."  *Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation mark omitted)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted).

When evaluating whether a complaint meets these requirements, courts assume that all "factual allegations contained in the complaint" are true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007), and "draw all inferences in the light most favorable to the non-moving party[]," *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (citation omitted).  Additionally, a complaint "filed *pro se* is 'to be liberally construed,' and 'a pro se complaint,

however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**III.  Discussion**

As in his prior complaint, Bell asserts claims of race and sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), New York State Human Rights Law, N.Y. Exec. Law § 296 *et seq.* (the "NYSHRL"), and New York City Human Rights Law, N.Y.C. Admin. Code § 8-107, *et seq.* (the "NYCHRL").  (Dkt. No. 22 at 1.)  Specifically, he appears to assert discrimination, retaliation, and hostile work environment claims under Title VII and analogous provisions of state and city law.  The amended complaint also asserts a new claim of religious discrimination under these statutes.  (*Id.* at 3.)

The Court first addresses Bell's newly added claim and then turns to his reasserted Title VII, NYSHRL, and NYCHRL claims.

**A.    Exhaustion**

In his amended complaint, Bell has added a new claim: that he was "caused . . . emotional distress" and "persecuted" because he "follow[s] Judaism."  (Dkt. No. 22 at 3.)  MPA argues that this claim is not properly considered because Bell failed to exhaust administrative remedies before bringing a religious discrimination claim in this Court.  (Dkt. No. 24 at 5-6.)

Prior to pursuing a Title VII suit in federal court, a plaintiff must first file a complaint with the EEOC or an analogous state agency, here the SDHR.  *Burgis v. N.Y.C. Dep't of Sanitation*, 798 F.3d 63, 71 (2d Cir. 2015) (citing 42 U.S.C. § 2000e–5).  A court may entertain claims of discrimination that were not *explicitly* exhausted only where the claims are "reasonably related to the allegations in the complaint filed with the EEOC."  *Watson v. Paulson*, 578 F.

Supp. 2d 554, 562 (S.D.N.Y. 2008) (quoting *Kirkland v. Buffalo Bd. of Educ.*, 622 F.2d 1066, 1068 (2d Cir. 1980) (per curiam) (internal quotation mark omitted)). "The law is well-settled that a federal court claim for religious discrimination is not 'reasonably related' to an EEOC claim for discrimination on the basis of race . . . absent something in the EEOC claim that refers to religion." *Pusey v. Delta Airlines, Inc.*, No. 09 Civ. 4084, 2011 WL 1215081, at *1 (E.D.N.Y. Mar. 30, 2011) (collecting cases); *see also McCoy v. Morningside at Home*, No. 11 Civ. 2575, 2014 WL 737364, at *8 (S.D.N.Y. Feb. 25, 2014), *aff'd,* 601 F. App'x 57 (2d Cir. 2015) (holding that, where a plaintiff's prior administrative complaint "claimed discrimination only on the basis of race . . . and did not make any factual allegations reasonably related to religious discrimination," the plaintiff had "fail[ed] to exhaust her administrative remedies with respect to her religious discrimination claim" and could not, therefore, raise it in federal court).

In the instant case, Bell did not raise any allegation of religious discrimination in his administrative complaint (*see* Dkt. No. 25-3 at 7)—it was thus not considered by the SDHR or the EEOC prior to reaching this Court (*see* Dkt. No. 25-4; Dkt. No. 25-5; Dkt. No. 25-1). Bell further failed to make any reference to facts or circumstances suggesting religious discrimination that would have prompted an administrative investigation. (*See* Dkt. No. 25-3.) Bell's claim of religious discrimination therefore has not been exhausted, and the Court cannot now consider it.

### B.     Additional Claims

Bell's remaining allegations are substantially similar to those pleaded in his initial complaint in this action. The hand-written paragraphs included in his complaint and his memoranda largely echo the allegations contained in Bell's original submissions, and the appended materials are identical, apart from the submission of CD and DVD material buttressing these allegations (Bell's descriptions of which the Court takes as true, in any event). The Court

5

considers Bell's Title VII and state and city law claims in turn, with a particular eye to any changes to his pleadings.

### 1. Title VII Claims

Title VII makes it illegal for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII also prohibits employers from discriminating against an individual because of his opposition to an unlawful employment practice. *Id.* at § 2000e-3(a).

To state a claim for discrimination under Title VII, "a plaintiff must plausibly allege that (1) the employer took adverse action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015). "'[A]t the initial stage of the litigation' in a Title VII case, 'the plaintiff does not need substantial evidence of discriminatory intent.'" *Johnson v. Andy Frain Servs., Inc.*, 638 F. App'x 68, 70 (2d Cir. 2016) (quoting *Littlejohn v. City of N.Y.*, 795 F.3d 297, 311 (2d Cir. 2015)). "Rather, 'what must be plausibly supported by the facts alleged in the complaint is that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent.'" *Id.* (quoting *Littlejohn*, 795 F.3d at 311).

In contrast, a *prima facie* case of retaliation under Title VII requires: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Littlejohn*, 795 F.3d at 316 (quoting *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010) (internal quotation marks omitted)). While a plaintiff does not need to plead facts

to make out a *prima facie* case in order to survive a motion to dismiss, *Krasner v. HSH Nordbank AG*, 680 F. Supp. 2d 502, 512 (S.D.N.Y. 2010), he must nevertheless allege enough facts to provide "plausible support to a minimal inference of discriminatory motivation," *Littlejohn*, 795 F.3d at 316.

Last, to state a claim for hostile work environment, where "the harassment is so pervasive that it changes the conditions of employment," a plaintiff need not plead a "specific negative" or adverse employment action. *Krasner*, 680 F. Supp. 2d at 512 (citation and internal quotation marks omitted). Instead, "a plaintiff must plead facts that would tend to show the complained of conduct: (1) is objectively severe or pervasive—that is, creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's [protected characteristic]." *Id.* at 512-13.

In his amended complaint, Bell has failed to plead additional facts to state a claim under Title VII. As before, Bell has not identified any adverse employment action. While Bell describes being kept late and sometimes working at night, it is not clear these conditions constitute an "adverse employment action." *See Bowen-Hooks v. City of New York*, 13 F. Supp. 3d 179, 211 (E.D.N.Y. 2014) ("Examples of materially adverse employment actions include termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, [and] significantly diminished material responsibilities . . . ." (citation and internal quotation marks omitted)); *see also White v. Andy Frain Servs., Inc.*, 629 F. App'x 131, 133 (2d Cir. 2015) (holding that being "forced to work overtime" does not rise to the level of adverse employment action).

Moreover, even if Bell had alleged adverse employment action, he has failed to provide any additional factual "support for the proposition that his employer was motivated by discriminatory intent" beyond what he pleaded in his initial complaint. *Johnson*, 638 F. App'x at 70 (quoting *Littlejohn*, 795 F.3d at 311). As this Court held previously, "[w]ithout some factual assertion to support the inference that Bell's supervisors gave him inferior tasks on the basis of a protected characteristic, Bell's claim cannot proceed." *Bell v. McRoberts Protective Agency*, No. 15 Civ. 963, 2016 WL 1688786, at *3 (S.D.N.Y. Apr. 25, 2016).

Bell's retaliation claim still fails for largely the same reasons. As before, Bell's claim amounts to his supervisor's failing to take action after Bell reported insults, including a racial slur, used by a co-worker. But absent any evidence of an adverse action taken against Bell because he made this report, Bell cannot sustain a retaliation claim. *See Henry v. N.Y.C. Health & Hosp. Corp.*, 18 F. Supp. 3d 396, 411 (S.D.N.Y. 2014).

Bell's hostile work environment claim also remains deficient. Bell has not alleged any additional facts linking any of his complained-of working conditions (including his late nights or his supervisors' failure to reprimand his co-workers for various infractions) to his race or his gender. Thus, even if Bell suffered a workplace environment that was hostile, he has not presented any allegations to support the "causal factor requirement[]" linking those conditions to his race or sex. *Krasner*, 680 F. Supp. 2d at 513.

Bell's claims under Title VII must therefore be dismissed.

### 2. State and City Law Claims

Bell's amended complaint also reasserts claims under the NYSHRL and the NYCHRL, which the Court construes as both discrimination and retaliation claims.

"Claims brought under the NYSHRL 'are analyzed identically' and 'the outcome of an employment discrimination claim made pursuant to the NYSHRL is the same as it is under . . . Title VII.'" *Hyek v. Field Support Servs., Inc.*, 461 F. App'x 59, 60 (2d Cir. 2012) (alteration in original) (citation omitted). Because Bell has failed to state a claim under Title VII, as discussed above, his NYSHRL claims are thus dismissed as well.

NYCHRL claims are assessed "separately and independently from any federal and state law claims." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). "[T]o prevail on a retaliation claim under the NYCHRL, a plaintiff must show (1) 'that she took an action opposing her employer's discrimination' and (2) 'that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action.'" *E.E.O.C. v. Bloomberg L.P.*, 967 F. Supp. 2d 816, 838 (S.D.N.Y. 2013) (quoting *Mihalik*, 715 F.3d at 112). The NYCHRL has a more liberal standard than its state and federal counterparts: A "plaintiff need only show differential treatment—that she is treated 'less well'" and does not need to show that the challenged conduct is "tangible (like hiring or firing)" (which is relevant only to damages rather than liability). *Mihalik*, 715 F.3d at 109-10. (citation omitted). But a plaintiff must still plead facts sufficient to support an inference that he has "been treated less well at least in part *because of*" a protected trait. *Id.* at 110 (internal quotation marks omitted).

Even under the relatively lenient standard of the NYCHRL, Bell's claims must be more than conclusory or speculative to survive a motion to dismiss. *See Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 250, 252-53 (E.D.N.Y. 2015) (dismissing NYCHRL discrimination and retaliation claims); *Morgan v. NYS Att'y Gen.'s Office*, No. 11 Civ. 9389, 2013 WL 491525, at *14 (S.D.N.Y. Feb. 8, 2013) (dismissing an NYCHRL retaliation claim). As discussed above, Bell

has not pleaded any additional facts permitting an inference that he was treated differently *because of* his race or gender or that he was retaliated against after reporting the use of a racial epithet. As a result, his NYCHRL claims must also be dismissed.

## IV. Conclusion

For the foregoing reasons, MPA's motion to dismiss is GRANTED. The case is hereby dismissed. Bell's renewed race and sex discrimination claims are dismissed with prejudice, and his non-exhausted religious discrimination claims are dismissed without prejudice.

The Clerk of Court is directed to close the motion at Docket Number 23 and to close the case.

SO ORDERED.

Dated: December 12, 2016
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PARTY BY CHAMBERS*